# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2026

Lyle W. Cayce
Clerk

No. 25-40096
Summary Calendar

_____

Olamide Olatayo Bello,

*Plaintiff—Appellant*,

*versus*

United States of America; Fannin County Detention Center Sherman, Texas; Fannin County Detention Center Sherman Medical Staff,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:24-CV-550

_____

Before Elrod, *Chief Judge*, and Jones and Higginson, *Circuit Judges*.
Per Curiam:*

While he was a pretrial detainee, Olamide Olatayo Bello filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that the defendants were deliberately indifferent to his medical needs. He also moved for leave to proceed *in forma*

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*pauperis* (IFP). The magistrate judge (MJ) granted his IFP motion but ordered that, within 30 days, Bello pay an initial partial filing fee in the amount of $144.46, or demonstrate that he had insufficient assets or means by which to pay the initial partial filing fee. When Bello failed to do either, the MJ entered a report recommending that the district court dismiss his complaint without prejudice for want of prosecution based on his failure to comply with the MJ's order. *See* Fed. R. Civ. P. 41(b). Bello did not object to the MJ's report or attempt to comply with the MJ's order and, approximately six weeks later, the district court entered an order and judgment dismissing his complaint without prejudice.

Bello now moves this court for leave to proceed IFP on appeal. The motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his IFP pleadings, although Bello asserts, without analysis, that the district court did not properly assess his financial eligibility to proceed IFP, he does not otherwise explain in his IFP pleadings his failure to comply with the MJ's order despite having had multiple opportunities to pay the initial partial filing fee or demonstrate that he had insufficient assets or means to pay it. *Pro se* briefs are afforded liberal construction. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Bello has failed to meaningfully challenge any factual or legal aspect of the district court's dismissal of his complaint, he has abandoned the critical issue of his appeal. *See id.* Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion

for leave to proceed IFP is DENIED, and this appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

This court's dismissal of the appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 534, 537-40 (2015). Bello has now accumulated at least three strikes for purposes of § 1915(g). *See Bello v. Mazzant*, No. 25-40130 (5th Cir. Oct. 10, 2025); *Bello v. Fannin County Detention Center*, No. 4:25-CV-00736 (E.D. Tex. Oct. 8, 2025); *Bello v. United States*, No. 4:24-CV-00554 (E.D. Tex. Dec. 29, 2025). Because Bello now has at least three strikes, he is BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). He is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he is DIRECTED to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.